IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT L. WOLFE,**

       **Plaintiff,**                        Case No. 2:24-cv-4309

     v.                             **District Judge Michael H. Watson**
                                         **Magistrate Judge Kimberly A. Jolson**

**ATHENS COUNTY COURT OF**
**COMMON PLEAS, et al.,**

       **Defendants.**

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff Robert L. Wolfe, an Ohio resident who is proceeding *pro se*, brings this action against Defendants the Athens County Court of Common Pleas, Judge Patrick Lang, Magistrate John Perrin, and Clerk Cathy Rusell. (Doc. 1-1 at 2–3). This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). The Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.    BACKGROUND**

Plaintiff brings this action under 42 U.S.C. § 1983 and alleges that Defendants the Athens County Court of Common Pleas, Judge Patrick Lang, Magistrate John Perrin, and Clerk Cathy Rusell violated his constitutional rights in connection with court proceedings in the Athens County Court of Common Pleas. (Doc. 1-1 at 1, 3–4). On February 23, 2023, Plaintiff says he was served with an *ex parte* civil stalking protection order. (*Id.* at 4). A full hearing on that order was

scheduled for February 28, 2023. (*Id.*). Plaintiff says he attended the February 28 hearing and asked for a continuance, which was granted. (*Id.*). Days later, on March 2, Plaintiff contacted an attorney, who informed Plaintiff that "the full hearing order was issued without Plaintiff's participation" on March 1, 2023. (*Id.*). Further, Plaintiff says the order was granted "based on fabricated evidence" and emails that were taken out of context. (*Id.*). In short, Plaintiff claims that the granting of the civil protection order violated his rights to due process under the Fifth and Fourteenth Amendments and his rights under the Second Amendment. (*Id.* at 3, 4).

As relief, Plaintiff seeks only "injunctive relief" in the form of an order vacating the civil protection order and returning his "property" currently in the custody of the Hocking County Sheriff's Department. (*Id.* at 5). Plaintiff says he also seeks "punitive damages" if they are available to him. (*Id.*).

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Nor is it the Court's role to "ferret out the strongest cause of action on behalf of *pro se* litigants" or advise "litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (considering the *sua sponte* dismissal of an amended complaint

2

under 28 U.S.C. § 1915(e)(2)).  At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).  In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient.  *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks removed).  In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement."  *Id.* (internal quotation and quotation marks omitted).

**III.   DISCUSSION**

At the outset, the Court notes that Plaintiff has another lawsuit pending in this Court.  (*See* Case No. 2:24-cv-535); *Cunningham v. Clark*, No. 1:24-cv-581, 2024 WL 4599893, at *2 (S.D. Ohio Oct. 29, 2024) (taking judicial notice of the plaintiff's other civil actions on an initial screen).  That case, as Plaintiff acknowledges, deals with events that took place during service of the *ex parte* civil protection order on February 23, 2023.  (Doc. 1-1 at 5; *see also* Case No. 2:24-cv-535, Doc. 38 at 1–3 (explaining the alleged events of February 23)).  Meanwhile, this lawsuit concerns

3

judicial proceedings and decisions related to the civil protection order that occurred after February 23. (Doc. 1-1 at 4 (describing events that took place after February 28, 2023), 5 (stating issues from February 23 are being addressed in another action)). All that said, the Undersigned's initial screen in this case is limited only to what Plaintiff alleges in the instant Complaint. (Doc. 1-1).

To begin, Plaintiff does not identify the individual actions each Defendant took or how they specifically violated his constitutional rights. (*See id.* at 4 (discussing the underlying state court proceedings, but not specifying who granted the continuance, who entered the full hearing order despite the continuance, or who took the other actions outlined in the Complaint)). Indeed, Plaintiff does not mention any Defendant in the body of his Complaint. (*See id.*). On this basis alone, Plaintiff's Complaint should be dismissed. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 490 (6th Cir. 2020) ("Each defendant must be personally involved in the unconstitutional action." (internal quotation and quotation marks omitted)); *Stein v. Mohr*, No. 2:15-cv-2681, 2015 WL 5174980, at *3–4 (S.D. Ohio Sept. 4, 2015) (applying this pleading principle on an initial screen under § 1915(e)).

Beyond this pleading deficiency, the Court also cannot grant Plaintiff relief, in part, because of the *Rooker-Feldman* doctrine. This doctrine "bars lower federal courts from conducting appellate review of final state-court judgments," because such jurisdiction lies exclusively with the United States Supreme Court. *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (internal quotation omitted). But the scope of the doctrine is narrow. In determining whether an action is barred by *Rooker-Feldman*, courts look to "the source of the injury the plaintiff alleges in the federal complaint." *VanderKodde*, 951 F.3d at 402. If the source of the injury "is the state-court judgment itself, then *Rooker-Feldman* applies . . . . If there

4

is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* (internal quotations and quotation marks omitted). Yet importantly, "[a] court cannot determine the source of the injury without reference to the plaintiff's request for relief." *Id.* (cleaned up) (quoting *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012)).

Here, Plaintiff's Complaint involves a civil stalking protection order entered by an Athens County, Ohio, court. (Doc. 1-1 at 4). In his Complaint, he points to alleged procedural issues with the state court's decision as the bases of his constitutional claims. (*Id.*). For example, Plaintiff complains that he was granted a continuance but that Defendants did not give him that allotted time, which allegedly violated his due process rights. (*Id.* at 4 (saying that despite being granted a continuance, the civil protection order was entered by the Athens County court three days later)). On its face, a claim based on these allegations may not necessarily implicate *Rooker-Feldman*. This is because the alleged failure of the Athens County court to allow the continuance is an injury that does not "stem[] from the state-court judgment," but rather from the "alleged wrongful conduct" of one of the Defendants. *Evans v. City of Ann Arbor*, No. 21-10575, 2022 WL 586753, at *14 (E.D. Mich. Feb. 25, 2022) (finding a challenge in federal court to the grant of a continuance in a state court proceeding was not barred by *Rooker-Feldman*); *see also VanderKodde*, 951 F.3d at 402 (stating that the doctrine applies only when state courts "render[] a *judgment*").

But at base, Plaintiff seeks an order from this Court vacating the civil stalking protection order issued in the Athens County Court of Common Pleas. (Doc. 1-1 at 5). All told, granting such relief would require the Court to conduct an appellate-like review of the state court decision, determine it was "wrongly decided," and overturn it. *Dunina v. Hein*, No. 3:06-cv-383, 2007 WL 496355, at *4 (S.D. Ohio Feb. 12, 2007). Under *Rooker-Feldman*, the Court lacks jurisdiction to do so. *See Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (finding dismissal

5

under *Rooker-Feldman* appropriate where the "point of [the] suit [was] to obtain a federal reversal of a state court decision); *Dunina*, 2007 WL 496355, at *4 (finding a plaintiff's request to vacate a state-court domestic relations decision would run afoul of *Rooker-Feldman*); *Johnson v. Cuyahoga Cnty. Ct. of Common Pleas Domestic Rels.*, No. 1:18-cv-2521, 2019 WL 969449, at *1 (N.D. Ohio Feb. 28, 2019) (concluding the *Rooker-Feldman* doctrine prevented the court from overturning a civil protection order entered by a state court); *cf. Hood v. Keller*, 341 F.3d 593, 597–98 (6th Cir. 2003) (holding a plaintiff's complaint was not barred by *Rooker-Feldman* where he sought injunctive and declaratory relief prohibiting defendants from enforcing an administrative code provision, but noting it would be if he sought the reversal of a past state court decision).

Nor can the Court grant the monetary damages Plaintiff gestures to in his Complaint. (Doc. 1-1 at 5 (stating he will accept "punitive damages" if they are available)). To begin, the doctrine of absolute judicial immunity bars damages claims against Defendant Judge Patrick Lang and Defendant Magistrate John Perrin. *See Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (noting judicial officers are immune from suits seeking monetary damages). Judges are absolutely immune from Section 1983 suits that arise out of "their performance of their judicial functions," even if the judges allegedly acted "maliciously, corruptly, in bad faith, or in error." *Huffer v. Bogen*, 503 F. App'x 455, 458–59 (6th Cir. 2012) (internal quotations omitted). Indeed, unless a judge performs actions that are not "judicial in nature" or performs "without jurisdiction," he cannot be sued under Section 1983. *Id.* at 459. Here, Plaintiff does not allege that either judicial Defendant acted without jurisdiction, and the actions about which he complains are all judicial in nature. (*See* Doc. 1-1 at 4 (discussing a request for a continuance, a hearing where Plaintiff was not present, and a civil protection order allegedly granted upon lacking evidence)). As such, his claims against these individuals cannot survive past an initial screen.

6

Defendant Clerk Cathy Rusell, as a clerk of courts, is also shielded by judicial immunity. *See Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988).  Because Plaintiff does not allege that she performed any non-judicial functions, his claims against her must also be dismissed.  *See id.* (finding a clerk entitled to immunity where the clerk issued an arrest warrant in error); (Doc. 1-1 at 4 (not mentioning Defendant Rusell at all)).

Finally, the Athens Court of Common Pleas is not an entity that can be sued under Section 1983.  *See Black v. Montgomery Cnty. Common Pleas Ct.*, No. 3:18-cv-123, 2018 WL 2473560, at *2 (S.D. Ohio June 4, 2018) (collecting cases).  Therefore, any claims for monetary damages that Plaintiff brings against it must also be dismissed.

To summarize, Plaintiff's Complaint fails for various reasons.  First, Plaintiff fails to meet pleading requirements for his Section 1983 claims, as he does not say which actions each Defendant took.  Second, his request for injunctive relief is barred by *Rooker-Feldman*.  And finally, to the extent he seeks monetary damages, all the Defendants named in his Complaint have immunity or are not entities that can be sued under Section 1983.  As a result, Plaintiff's Complaint must be dismissed in its entirety.

### IV.   CONCLUSION

The Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1).  But because Plaintiff does not present a claim upon which relief can be granted, the Undersigned **RECOMMENDS** that his Complaint (Doc. 1-1) be **DISMISSED**.

IT IS SO ORDERED.


Date: January 7, 2025              /s/Kimberly A. Jolson
                                   KIMBERLY A. JOLSON
                                   UNITED STATES MAGISTRATE JUDGE

## **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).